Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CARLOS GUAMAN UZHCA,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |

MELVA CONSTRUCTION CORP., CHRISTOS BATALIAS
and PETER KOMNINOS, as individuals,

Defendants.

-----------------------------------------------------------------------X

1. Plaintiff, **CARLOS GUAMAN UZHCA,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **CARLOS GUAMAN UZHCA,** through undersigned counsel, brings this action against **MELVA CONSTRUCTION CORP., CHRISTOS BATALIAS and PETER KOMNINOS, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at MELVA CONSTRUCTION CORP., located at 3623 23RD STREET, LONG ISLAND CITY, NEW YORK 11106.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CARLOS GUAMAN UZHCA residing at 102-14 46th Avenue, Corona, New York 11368, was employed by Defendants at MELVA CONSTRUCTION CORP. from in or around April 2007 until in or around January 2018.

9. Upon information and belief, Defendant, MELVA CONSTRUCTION CORP., is a corporation organized under the laws of New York with a principal executive office at 3623 23RD STREET, LONG ISLAND CITY, NEW YORK 11106.

10. Upon information and belief, Defendant, MELVA CONSTRUCTION CORP., is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant CHRISTOS BATALIAS owns and operates MELVA CONSTRUCTION CORP.

12. Upon information and belief, Defendant CHRISTOS BATALIAS is the Chairman of the Board of MELVA CONSTRUCTION CORP.

13. Upon information and belief, Defendant CHRISTOS BATALIAS is the Chief Executive Officer of MELVA CONSTRUCTION CORP.

14. Upon information and belief, Defendant CHRISTOS BATALIAS is an agent of MELVA CONSTRUCTION CORP.

15. Upon information and belief, Defendant CHRISTOS BATALIAS has power over personnel decisions at MELVA CONSTRUCTION CORP. and hired the Plaintiff.

16. Upon information and belief, Defendant CHRISTOS BATALIAS has power over payroll decisions at MELVA CONSTRUCTION CORP. and dispersed pay to employees, including the Plaintiff.

17. Defendant CHRISTOS BATALIAS has the power to hire and fire employees at MELVA CONSTRUCTION CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

18. During all relevant times herein, Defendant CHRISTOS BATALIAS was Plaintiff's employer within the meaning of the FLSA and NYLL.

19. Upon information and belief, Defendant PETER KOMNINOS owns and/or operates MELVA CONSTRUCTION CORP.

20. Upon information and belief, Defendant PETER KOMNINOS is an agent of MELVA CONSTRUCTION CORP.

21. Upon information and belief, Defendant PETER KOMNINOS has power over personnel decisions at MELVA CONSTRUCTION CORP. and supervised employees, including the Plaintiff, on a daily basis.

22. Upon information and belief, Defendant PETER KOMNINOS has power over payroll decisions at MELVA CONSTRUCTION CORP.

23. Defendant PETER KOMNINOS has the power to hire and fire employees at MELVA CONSTRUCTION CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

24. During all relevant times herein, Defendant PETER KOMNINOS was Plaintiff's employer within the meaning of the FLSA and NYLL.

25. On information and belief, MELVA CONSTRUCTION CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

26. Plaintiff CARLOS GUAMAN UZHCA was employed by Defendants at MELVA CONSTRUCTION CORP. from in or around April 2007 until in or around January 2018.

27. During Plaintiff CARLOS GUAMAN UZHCA'S employment by Defendants at MELVA CONSTRUCTION CORP., Plaintiff's primary duties were as a construction worker, while performing other miscellaneous duties from in or around July 2014 until in or around January 2018.

28. Plaintiff CARLOS GUAMAN UZHCA was paid by Defendants approximately $140.00 per day from in or around 2010 until in or around July 2014 until in or around December 2014, approximately $150.00 per day in or around 2015, approximately $170.00 per day in or around 2016, and approximately $180.00 per day from in or around 2017 until in or around January 2018.

29. Although Plaintiff CARLOS GUAMAN UZHCA worked approximately fifty-five to sixty-six (55-66) hours or more per week during the months of March through December during his employment by Defendants from in or around July 2014 until in or around January 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

31. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

35. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

36. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

37. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

38. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

39. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

42. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

43. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount

equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

46. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

49. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f.  Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 1st day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS GUAMAN UZHCA,

                                Plaintiff,

       -against-

MELVA CONSTRUCTION CORP., CHRISTOS BATALIAS and PETER KOMNINOS, as
individuals,

                                Defendants.

## COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**Farrell Fritz, P.C.**
**400 RXR Plaza**
**Uniondale, New York 11556**
*Attorneys for Defendants*

**MELVA CONSTRUCTION**
**3623 23rd STREET**
**LONG ISLAND CITY, NY 11106**

**CHRISTOS BATALIAS**
**3623 23rd STREET**
**LONG ISLAND CITY, NY 11106**